IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

## MARTIN WILLIAM HUFFMAN v. ANGELA SHAYNE HUFFMAN

**Appeal from the Circuit Court for Davidson County**
**No. 02D1467      Carol Soloman, Judge**

---

**No. M2012-01538-COA-R3-CV - Filed May 1, 2013**

---

This is the second appeal of a post-divorce decision concerning child support. In the first appeal, we determined that the trial court erred in failing to make the required findings to justify an upward deviation in child support, thus we vacated the award of child support and remanded for a determination of the appropriate amount. Following the hearing on remand, the trial court set the appropriate amount of child support and determined that Father had overpaid child support. The court did not award Father a judgment or credit in the amount of his overpayment, and Father appeals. We conclude that the trial court abused its discretion in failing to award Father a credit or judgment in the amount of his overpayment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Jacob Thomas Thorington, Franklin, Tennessee, for the appellant, Martin William Huffman.

No appellee brief filed.

### OPINION

FACTUAL AND PROCEDURAL HISTORY

Martin William Huffman ("Father") and Angela Shayne Huffman ("Mother") were divorced in December 2002; they are the parents of three children. In September 2006, Father filed a petition requesting the trial court to, *inter alia*, recalculate his child support obligation. The trial court ordered an upward deviation from the child support guidelines, and Father appealed. On appeal, we vacated the trial court's award of child support because

the trial court failed to support its deviation from the child support guidelines with specific findings and did not give specific reasons why application of the guidelines would be unjust or inappropriate. *Huffman v. Huffman*, No. M2008-02845-COA-R3-CV, 2009 WL 4113705, at *9 (Tenn. Ct. App. Nov. 24, 2009). We remanded the case for further consideration of the appropriate amount of child support in accordance with the guidelines. *Id.* at *10.

Following remand, a hearing was held before a special master regarding the parties' income and the presumptive child support. The special master filed a report on November 4, 2010 making detailed findings of fact relative to the parties' income. On January 24, 2011, the trial court held a hearing to determine whether any deviation from the presumptive amount of child support was warranted. By order entered January 27, 2011, the court temporarily reduced Father's child support obligation[1] from $1,338 to $1,000 due to the emancipation of the parties' eldest child and granted Mother's request to continue the matter so that she could hire an attorney.

After several continuances, the court held a final hearing on June 6 and September 12, 2011. By order entered June 15, 2012, the court set the parties' incomes[2] and determined the presumptive amount of child support for each year. The court attached individual worksheets detailing the amount of Father's child support obligation from 2006 to the present as follows:

- 2006: $750 (including an upward deviation "due to the drastic nature of the modification")
- 2007: $847
- 2008: $750 (including an upward deviation "due to the drastic nature of the modification")
- 2009: $750 (including an upward deviation "due to the drastic nature of the modification")
- January - May 2010: $750 (including an upward deviation "due to the

---

[1] From 2006 until January 2011, Father paid $1,338 per month in child support (excluding July)—the amount set in the original divorce decree.

[2] The court determined the parties' annual incomes to be as follows:

|  | Father | Mother |
|---|---|---|
| 2006: | $37,589 | $33,637 |
| 2007: | $37,589 | $8,930 |
| 2008: | $25,528.90 | $29,300 |
| 2009: | $23,107.50 | $29,300 |
| 2010: | $25,000 | $19,380 |
| 2011: | $25,000 | $42,000 |

drastic nature of the modification")

• June - December 2010:  $301
• 2011 - Present:  $59

The court further stated:

> Father has been paying child support as ordered in the Final Decree, with a pendente lite reduction made by this Court in an order dated January 27, 2011. Father's original Petition for Modification was filed on September 27, 2006, so any modification goes back to October of 2006, and the calculation of Father's overpayment will also go back to that date.  Father paid $1338 from October 2006 - January 2011, excluding July for each year.  In February 2011, he began paying $1000 per month, again excluding July 2011.  Therefore, Father paid a total child support amount of $79,224, including child support paid through May of 2012.  Using the worksheets, Father should have paid $35,259.00.  This means Father has overpaid child support in the amount of $43,965.  When you give Mother the credit of $4,950.00,[3] that overpayment is lowered to $39,015.
>
> It is, however, not economically viable to order Mother to repay this overage to Father.  Father shall, therefore, not be granted a judgment in the amount of the overpayment.  This Court cannot determine the information used by the prior trial court in making its child support determination, nor can this Court determine why the prior trial court's order seems to have inadvertently left out information that would have satisfied the Court of Appeals.  This Court also acknowledges that this unfairly harms Father, in that he cannot collect on his overpayments.  However, Mother also suffers harm, as her child support is drastically lowered.  Neither party is to blame for the overpayment of child support, it is simply a function of the judicial process.

Father appeals, arguing that the trial court erred in failing to give him a credit or judgment in the amount of his overpayment.

---

[3]  The court explained this credit to Mother as follows:

[T]hough the child support for the years 2008, 2009, and January to May of 2010 is $750 per month as stated in the worksheet, the Court intends to set support for that period at $600 per month, and will consider the additional $150 of that support as payment by the Mother towards Father's overpayment.  That credit amounts to $4950.

STANDARD OF REVIEW

The initial determination and later modification of a child support order is governed by Tenn. Code Ann. § 36-5-101; however, trial courts retain a certain amount of discretion in their decisions regarding child support. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). The discretion afforded the trial court "is bounded on all sides by the child support guidelines."[4] *Smith v. Darmohray*, No. M2003-00236-COA-R3-JV, 2004 WL 904095, at *4 (Tenn. Ct. App. Apr. 27, 2004) (citing *Butler v. Butler*, 680 S.W.2d 467 (Tenn. Ct. App. 1984)). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

When considering a trial court's factual findings, we review the record de novo with a presumption that the court's findings are correct, absent a showing that the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); *see Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000).

ANALYSIS

The issue before us is whether the trial court erred in failing to award Father a credit or judgment for the amount of child support he overpaid. Father filed his initial petition to modify child support in September 2006. From September 2006 until January 2011, Father paid child support in the amount of $1,338 per month (excluding July) as was ordered in the final decree of divorce. The trial court determined that from the time the 2006 petition was filed, until the date of the final hearing, Father overpaid child support in the amount of $39,015.[5] However, the court held it was "not economically viable" to order a judgment for Father in the amount of the overpayment or to credit Father any portion of this overpayment in the future as the overpayment was "simply a function of the judicial process."

Father cites several cases to support his argument that the trial court erred in failing to award a judgment for the amount of his overpayment. *See Guthrie v. Guthrie*, No. W2012-00056-COA-R3-CV, 2012 WL 5200079, at *4-5 (Tenn. Ct. App. Oct. 23, 2012) (affirming an award of a judgment to Father for overpayment of child support in the amount of $6,445.82); *Stockman v. Stockman*, No. M2009-00552-COA-R3-CV, 2010 WL 623724, at *11 (Tenn. Ct. App. Feb. 22, 2010) (remanding the case for the trial court to recalculate

---

[4] Tenn. Comp. R. & Regs. 1240-02-04-.04.

[5] Father asserts that the trial court miscalculated the amount of his overpayment. We address this contention later in the opinion.

child support and award Father credit for any overpayments); *Kopp v. Kopp*, No. M2008-01146-COA-R3-CV, 2009 WL 2951172, at *4 (Tenn. Ct. App. Sept. 14, 2009) (awarding Father a monthly credit for his overpayment of child support until the amount overpaid is credited in full). We are not aware of any authority that allows the trial court to exercise its discretion to forgive one party from reimbursing another for an overpayment of child support.[6] The trial court's failure to award Father a credit or judgment in the amount of his overpayment resulted in an "injustice" to Father. *See Eldridge*, 42 S.W.3d at 85. Based on our review of the record, we conclude that under the circumstances presented here, the trial court abused its discretion in failing to award Father a judgment for the amount he overpaid child support over the six years this case was pending.[7] Thus, we reverse the trial court's order to the extent it held Father was not entitled to a judgment, and we remand the case for the trial court to fashion an appropriate repayment schedule for Mother to reimburse Father.

Finally, we address Father's contention that the trial court miscalculated the amount of his overpayment. Specifically, Father argues the trial court erred: (1) in calculating the amount of child support he owed from October 2006 to May 2012 and (2) in giving Mother a "credit" which reduced his overpayment by $4,950. We have reviewed the record and find that the trial court made mathematical errors in calculating: (1) the amount of child support Father owed and (2) the value of the credit. However, we find that the court did not abuse its discretion in awarding a credit for 2008, 2009, and five months in 2010. The amount of child support owed by Father, which we calculated by adding the amounts ordered per year by the trial court,[8] is $34,567. The amount of the credit is $4,050. The amount Father actually paid in child support was correctly calculated by the trial court at $79,224. Thus, the amount of Father's overpayment is $40,607 ($79,224 - $34,567 - $4,050 = $40,607).

CONCLUSION

For the foregoing reasons, we reverse the trial court's order holding that Father was not entitled to a judgment for the amount of his overpayment of child support. On

_____

[6] Although not directly on point, Tenn. Code Ann. § 36-5-101(g)(5)(D)(iv), which governs modifications in Title IV-D child support cases, states, in relevant part:

> If the modified payment amount is lower than the payment amount required prior to the modification, then the obligor *shall* be given credit for such amount against future payments of support for the remaining children under the order.

[7] We recognize that this is the second appeal in this case, but six years is a long time for a child support case to be pending.

[8] Consistent with the prior court order, we did not include payments for the month of July.

-5-

remand, the judgment amount is set at $40,607 consistent with this Opinion. Costs of this appeal are assessed against Mother, for which execution may issue, if necessary.

_____
ANDY D. BENNETT, JUDGE